UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LAURA T. O'CONNEL                                         CIVIL ACTION
TESTAMENTARY TRUST
by TRUSTEE VAUGHN J. PERRET

VERSUS                                                    NO. 07-3316

ALLSTATE INSURANCE COMPANY                                SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment.  For the reasons that follow, the motion is GRANTED.

## Background

The plaintiff sued Allstate, seeking compensation from Allstate for wind damage caused by Hurricane Katrina.  The Allstate policy at issue expressly excluded from coverage all damages caused by wind or hail.[1]  (The premium for the policy was $919; Ms.

---

[1] The policy's Windstorm or Hail Exclusion provides:

**Windstorm or Hail Exclusion**

For a reduction in premium:

**We** do not cover any loss to any property covered by this policy caused by or consisting of Windstorm or Hail.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

1

O'Connell had been granted a 35% discount because of the windstorm exclusion).

Allstate now moves for summary judgment, contending that the clear language of the policy excludes wind damage from coverage. The Court agrees.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment

---

> **We** do cover sudden and accidental direct physical loss caused by fire or explosion resulting from Windstorm or Hail.
> ....

is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

The policy clearly excludes coverage for wind damage.  In fact, the plaintiff concedes this, saying that it has no evidence that could prove that another policy, one with wind damage coverage, was in force at the time of the storm.[2]  Because the plaintiff says it "cannot contest Allstate's allegation that the

---

[2] The plaintiff filed only a three-sentence opposition, noting that it had been unable to find a homeowners' policy after the death of Ms. O'Connell and that it has no evidence to prove that Ms. O'Connnell had wind damage coverage.  The plaintiff submitted no evidence and submitted no list of material facts as to which there exists a genuine issue to be tried; accordingly, those facts listed in Allstate's statement of uncontested material facts are deemed admitted by the plaintiff.  See L.R. 56.2.

3

policy attached to its motion was the policy in force during Katrina", and further given that the clear language of the policy excludes coverage for the wind damage claimed by plaintiff, summary judgment is appropriate.  Other Sections of this Court have upheld the same wind damage exclusion and granted summary judgment in Allstate's favor.  See, e.g. <u>Cindass v. Allstate Ins. Co.</u>, No. 06-6267, 2007 WL 3172111, at *3 (E.D. La. Oct. 29, 2007) (Engelhardt, J.) (granting Allstate's motion for summary judgment on the same wind damage exclusion); <u>Pierce v. Allstate Ins. Co.</u>, No. 06-9920, 2008 WL 506096, at *2-3 (E.D. La. Feb. 21, 2008) (Barbier, J.) (same).

Because the plaintiff cannot establish an essential element of its claim, summary judgment is appropriate.  Allstate's motion for summary judgment is GRANTED.

New Orleans, Louisiana, May 13, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE